# EISENBERG & BAUM

May 12, 2015

<u>VIA ECF</u>

Honorable A. Kathleen Tomlinson, USMJ
United States District Court, Eastern District of New York
100 Federal Plaza, Courtroom 910
Central Islip, New York 11722

    Re:    **Weinrib, et al. v. Winthrop-University Hospital, et al.**
              **Docket No.: 14-CV-00953(JFB)(AKT)**

Dear Judge Tomlinson:

    Plaintiffs' counsel in the above-captioned action writes to address a dispute that arose between Plaintiff's counsel and counsel for Defendant Winthrop-University Hospital during the Rule 30(b)(6) deposition of the latter's designated corporate representative last Friday, May 8, 2015. During the deposition, counsel for Defendant instructed the witness not to answer on three occasions. Plaintiffs' counsel maintains that these instructions were improper, and that the questions posed were reasonably calculated to lead to admissible evidence. For the reasons set forth below, Plaintiffs' counsel requests that the Court compel Defendant Winthrop-University Hospital to answer the disputed questions.

    These issues are all related to Fed. R. Civ. P. 30(c)(2), which states: "(2) Objections. An objection at the time of the examination—whether to evidence, to a party's conduct, to the officer's qualifications, to the manner of taking the deposition, or to any other aspect of the deposition—must be noted on the record, but the examination still proceeds; the testimony is taken subject to any objection. An objection must be stated concisely in a nonargumentative and nonsuggestive manner. A person may instruct a deponent not to answer only when necessary to preserve a privilege, to enforce a limitation ordered by the court, or to present a motion under Rule 30(d)(3)."

    Courts in this Circuit interpret the rule as stating that the only proper circumstance in which to instruct a witness not to answer is when the question seeks privileged information. *Pressley v. City of New York*, No. 11-CV-3234 (PKC) (RER) (E.D.N.Y. Nov. 13, 2013); *Reznik v. Macy's, Inc.*, No. 12-CV-5719 (JBW) (E.D.N.Y. May 1, 2013) ("Simply put, plaintiff's counsel violated the rule by directing his client not to answer the questions; he should have noted the objections on the record — thereby preserving his challenges to admissibility — and allowed plaintiff to respond to those questions."); *Balk v. N.Y. Inst. Of Tech.*, No. CV 11-509 (JFB) (AKT) (E.D.N.Y. Nov. 19, 2012); *State Farm Mutual Automobile Ins. Co. v. Tabakman*, No. 06-CV-2896 (SLT) (JMA) (E.D.N.Y. Oct. 3, 2008). *See also, e.g.*, *Brincko v. Rio Props.*, 278 F.R.D. 576, 580-81 (D. Nev. 2011) ("A lawyer may not instruct a witness not to answer repetitious, harassing or argumentative

EISENBERG & BAUM

deposition questions . . . The remedy [] requires suspending the deposition and filing a motion."); *U.S. v. Carell*, No. 3:09-0445 (M.D. Tenn. June 16, 2010) ("The language of Rule 30(c)(2) is clear and unambiguous," and counsel therefore "shall not improperly instruct deponents not to answer questions for reasons other than those contained in" the rule).

In other instances, Defense counsel asserted privilege on the basis of "attorney work product" when no such privilege existed. The attorney work product doctrine is codified in Federal Rule of Civil Procedure 26(b)(3), which states that "[o]rdinarily, a party may not discover documents and tangible things that are prepared in anticipation of litigation or for trial by or for another party or its representative." This doctrine "provides qualified protection for materials prepared by or at the behest of counsel in anticipation of litigation or for trial." *In re Grand Jury Subpoenas*, 318 F.3d 379, 383 (2d Cir. 2003). More specifically, it protects the "files and the mental impressions of an attorney . . . reflected, of course, in interviews, statements, memoranda, correspondence, briefs, mental impressions, personal beliefs, and countless other tangible and intangible ways prepared in anticipation of litigation." *A. Michael's Piano v. FTC*, 18 F.3d 138, 146 (2d Cir. 1994) (internal quotation marks and citation omitted). To determine whether attorney work product is implicated, courts consider whether "in light of the nature of the document and the factual situation in the particular case, the document can fairly be said to have been prepared or obtained because of the prospect of litigation." *United States v. Adlman*, 134 F.3d 1194, 1197 (2d Cir. 1998) (internal quotation marks and citation omitted). It bears emphasis that "[t]he mere relation of documents to litigation does not automatically endow those documents with privileged status." *State of Me. v. U.S. Dep't of the Interior*, 298 F.3d 60, 69 (1st Cir. 2002).

In the present case, the documents about which Plaintiff's counsel asked during the deposition related to a file of previous complaints filed against Defendant by third parties, which was kept in the witness's office, and which was not prepared by Defense counsel in anticipation of litigation in this case. Accordingly, attorney work product is plainly not implicated with respect to such documents.

In light of the foregoing, Plaintiff asks the Court to review the following sections of the deposition (a rough copy of which is attached hereto as Exhibit A) and find the objects stated therein to be improper:

1. **77:23-79:9**. Plaintiff's counsel attempted to ask the witness whether she or Defendant was aware that the term "hearing impaired" is considered offensive by the deaf community. This question is relevant as pertains to the deliberate indifference standard for Plaintiffs' Rehabilitation Act claim, because the deponent had already admitted that no deaf individuals were consulted in the making of hospital policy, and that the official policy referred to deaf individuals by the offensive term. Consequently, and admitting that the term itself is inflammatory, the question is highly relevant and was not posed

2

# EISENBERG & BAUM

in an argumentative manner. Even if it had been, it was not proper for Defense counsel to direct the witness not to answer pursuant to the authority cited above.

2. **110:5-111:2**. Plaintiff's counsel attempted to ask the witness what would be expected if an entire deaf family needed to request certain auxiliary aids. Defense counsel objected to the question as "inflammatory" before Plaintiff's counsel even finished asking the question, and then obstinately refused to allow Plaintiff's counsel to ask the question. Plaintiff's counsel maintains that this question is not inflammatory, and that even if it were, Defense counsel nevertheless cannot instruct the witness not to answer pursuant to the authority above.

3. **118:11-120:12**. Plaintiff's counsel attempted to ask the witness about a file of previous filed complaints located in a database accessible from the deponent's office. The deponent admitted that she had reviewed this database "yesterday". Plaintiff's counsel then asked whether deponent had searched for complaints from deaf individuals, and Defense counsel objected that this question sought attorney work product. It is still unclear to Plaintiffs' counsel how asking the deponent about reviewing her own files could implicate attorney work product. Defense counsel did not prepare the documents at issue, and indeed none of the documents were prepared or organized "in anticipation of litigation."

Finally, Plaintiff's counsel asks the Court to note that, throughout the deposition, Defense counsel repeatedly advised Plaintiff's counsel that the proper procedure if a dispute arises is for the witness to decline to answer the question and for Plaintiff's counsel to file a motion to compel. Pursuant to the authority cited above, this is incorrect; the proper procedure is for the deposition to continue and the deponent to answer the question over the objection. By ignoring this rule, Defense counsel obstructed the proceedings, necessitating the instant letter motion. Accordingly, Plaintiff's counsel requests that the Court consider, in its discretion, imposing sanctions and awarding appropriate fees to Plaintiff's counsel for time spent on this letter motion, pursuant to Fed. R. Civ. P. 37.

Respectfully submitted,

EISENBERG & BAUM, LLP

By: _____
Andrew Rozynski, Esq.
Attorneys for Plaintiffs
24 Union Square East, Fourth Floor
New York, NY 10003
(212) 353-8700
arozynski@eandblaw.com

AR/pb/bf
Encl.